Opinion
HARVEY, P. J.
Defendant appeals from the order of the justice court suspending imposition of sentence after his conviction on three counts of violating Lassen County Code section 8.04.040. That code section provides in part: “(a) No person shall own, keep or harbor any dog over the age of four months unless such dog is licensed as herein provided.” Later provisions of the section prescribe an annual fee of $5 for a neutered or spayed dog, and an annual fee of $10 for an unneutered or unspayed dog. The *Supp. 8 ordinance also requires proof of vaccination against rabies in order to obtain a license. The ordinance provides for the issuance of a license tag that must be worn by the dog at all times. So far as the court can determine, there are no other regulatory provisions incident to the license requirement. Violation of the licensing requirement is an infraction punishable by a fine of $50 for a first offense and a fine of $100 for subsequent offenses. (Lassen County Code, § 8.04.170.)
There are other regulations pertaining to dogs in the Lassen County Code, but those regulations—such as prohibiting dogs from running at large—are applicable whether or not the dogs are licensed pursuant to the ordinance.
In the trial court, the complaint accused the defendant of violating the Lassen County Code section quoted above. The complaint was in three counts, each count alleging that the defendant kept an unlicensed dog. The defendant demurred to the complaint, and the demurrer was overruled. The parties then stipulated to the facts, and the defendant was found guilty on all three counts. Imposition of sentence was suspended, and a notice of appeal was thereupon filed.
The facts as settled by the stipulation of the parties in the trial court are: The defendant is an Indian. He is a tribal member of the Susanville Indian Ranchería, a federally recognized Indian tribe. He resides within the boundaries of the Susanville Indian Ranchería upon land that is held in trust for the benefit of the Indians of the Susanville Indian Ranchería by the United States of America. He owns three dogs, which at all times alleged in the complaint were restricted to his backyard on the Ranchería. The dogs have been vaccinated for rabies, but the dogs are not licensed pursuant to Lassen County Code section 8.04.040.
The respondent has failed to file a brief, despite a notification from the clerk that the brief was overdue and the cause would be submitted without a respondent’s brief if none were filed. In the trial court, however, the People filed points and authorities in opposition to the defendant’s demurrer, and those points and authorities address the issue of whether the Lassen County dog control ordinance can require a resident of the Susanville Indian Ranchería to obtain a dog license. The issue is of great importance to both the inhabitants of the Susanville Ranchería and the other inhabitants of Lassen County. Hence, this court will consider those points and authorities and will decide the issue as if the respondent had filed a brief.
Section 1162 of title 18 of the United States Code provides:
“(a) Each of the states or Territories listed in the following table shall have jurisdiction over offenses committed by or against Indians in the areas *Supp. 9 of Indian country listed opposite the name of the State or Territory to the same extent that such State or Territory has jurisdiction over offenses committed elsewhere within the State or Territory, and criminal laws of such State or Territory shall have the same force and effect within such Indian country as they have elsewhere within the State or Territory.

“State or Territory of Indian country affected

“California ... All Indian country within the State.”
In regard to civil jurisdiction over Indian country, section 1360 of title 28 of the United States Code provides:
“(a) Each of the States listed in the following table shall have jurisdiction over civil causes of action between Indians or to which Indians are parties which arise in the areas of Indian country listed opposite the name of the State to the same extent that such State has jurisdiction over other causes of action, and those civil laws of such State that are of general application to private persons or private property shall have the same force and effect within such Indian country as they have elsewhere within the State:
“State of Indian country affected
“California ... All Indian country within the State[.]”
In California v. Cabazon Band of Mission Indians (1987) 480 U.S. 202 [94 L.Ed.2d 244, 107 S.Ct. 1083], the United States Supreme Court held that Penal Code section 326.5, permitting bingo only if authorized by city or county ordinance and conducted with prescribed restrictions, could not be applied to bingo games conducted on the reservations of the Cabazon and Morongo Indians. The court also held that the Riverside County ordinances prohibiting gambling were inapplicable in the reservations of the Cabazon and Morongo Indians. The court explained that United States Code, title 18, section 1162, has granted to California broad criminal jurisdiction over reservation inhabitants in order to combat lawlessness in Indian country. The grant of jurisdiction in regard to state civil laws of general application and over private litigation in United States Code, title 28, section 1360, is far more limited. Hence, for example, a county cannot impose personal property taxes within Indian country. (Bryan v. Itasca County (1976) 426 U.S. 373 [48 L.Ed.2d 710, 96 S.Ct. 2102].)
*Supp. 10 The court explained that simply because a statute or ordinance has a criminal sanction, such as a fine, for violation of its terms does not necessarily make the statute enforceable within Indian country. The court approved a distinction drawn in the Court of Appeals “between ‘state criminal prohibitory’ laws and state ‘civil/regulatory’ laws: if the intent of a state law is generally to prohibit certain conduct, it falls within [the] grant of criminal jurisdiction, but if the state law generally permits the conduct at issue, subject to regulation, it must be classified as civil/regulatory and [18 U.S.C. § 1162] does not authorize its enforcement on an Indian reservation. The shorthand test is whether the conduct at issue violates the State’s public policy.” (California v. Cabazon Band of Mission Indians, supra, 480 U.S. at p. 209 [94 L.Ed.2d at p. 255].) The court pointed out that California public policy does not prohibit all forms of gambling. Instead, California public policy is to prohibit some forms of gambling, to regulate other forms of gambling, and to leave some forms of gambling free of state regulation. The court then held that Penal Code section 326.5 is civil/regulatory and, hence, inapplicable to bingo games conducted on the reservations. Moreover, Riverside County could not, by ordinance, prohibit forms of gambling on the reservation that are not prohibited by state law. If the law in question is simply intended to regulate, as opposed to prohibit, the conduct at issue, then the law is not enforceable in Indian country.
In a footnote, the Supreme Court noted that it is questionable whether any strictly local ordinance with criminal sanctions is applicable in Indian country, but stated that it did not need to decide that question because of its conclusion that Riverside County’s gambling ordinance was regulatory and, therefore, unenforceable in Indian country. The court said: “[United States Code, title 18, section 1162] provides that the criminal laws of the ‘State’ shall have the same force and effect within Indian country as they have elsewhere. This language seems clearly to exclude local laws.” (California v. Cabazon Band of Mission Indians, supra, 480 U.S. at p. 212, fn. 11 [94 L.Ed.2d at p. 256].)
Here, the dog control ordinance in question is not a state civil law of general application to private persons and private property as described in title 28, section 1360 of the United States Code. Hence, it is not applicable to the Susanville Indian Ranchería under section 1360. To determine whether it is applicable to reservation residents under United States Code title 18, section 1162, it is necessary to determine whether the law is “civil/regulatory” or “criminal/prohibitory” as those terms were used by the United States Supreme Court in the Cabazon case.
To determine the underlying purpose of the ordinance in question here, it is necessary to consider state law in order to determine state public policy.
*Supp. 11 Food and Agricultural Code section 30951 prohibits anyone from owning or possessing a dog over four months of age unless the dog has a substantial collar to which is attached either a tag identifying the name and address of the owner or a metal license tag issued by the authority of a local governmental entity. Violation of the section is an infraction for which a fine of $50 can be imposed for a first violation and for which a fine of $100 can be imposed for subsequent violations. (Food & Agr. Code, § 31401.)
The state law appears designed to facilitate the identification of the owner of a dog that is running at large or is bothering livestock or in some other way is causing problems in violation of the law. The identification enables law enforcement authority to take appropriate action against the owner, and it thus appears to be an essential part of the state’s enforcement scheme relating to dogs. State law also authorizes a county to pass a local dog licensing ordinance. (Food & Agr. Code, § 30801.) The county ordinance may be made applicable within the territorial limits of a city if the city council so authorizes. (Food & Agr. Code, § 30501.) But there is no requirement that a county adopt such an ordinance, and there is no requirement that any such ordinance be made applicable within the limits of a city.
The Lassen County ordinance does not appear, therefore, to be an expression of statewide public policy prohibiting the ownership of unlicensed dogs. Statewide public policy, as expressed in the Food and Agriculture Code, simply prohibits the ownership of dogs that do not carry ownership identification. Although the local ordinance also is designed to facilitate the identification of a dog’s owner, there is no state policy that such identification must be by a locally issued license tag. The Lassen ordinance also appears designed to encourage the spaying or neutering of dogs and, in addition, to require dog owners to obtain rabies vaccinations for their pets. The vaccination requirement may or may not be applicable within the limits of a city located in Lassen County.
Through the imposition of license fees, the Lassen County dog control ordinance also appears to be a form of personal property tax on dog owners.
We conclude that possession of an unlicensed dog does not violate the state’s public policy. Under the standards declared in California v. Cabazon Band of Mission Indians, supra, 480 U.S. 202 and Bryan v. Itasca County, supra, 426 U.S. 373, the Lassen ordinance appears to be a local regulatory measure as well as a device to impose a tax on dog ownership. In either event, under the rules declared by the United States Supreme Court in the Cabazon and Itasca County cases, the ordinance is not enforceable in Indian country, and therefore the ordinance is not enforceable in the Susanville Indian Rancheria.
*Supp. 12 The judgment is reversed, and the trial court is directed to dismiss the complaint.
Young, J.,* and Settlemire, J.,† concurred.

Retired judge of the Modoc Superior Court sitting under assignment by the Chairperson of the Judicial Council.

 Judge of the Plumas Superior Court sitting under assignment by the Chairperson of the Judicial Council.